IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30316
Summary Calendar
_____


ZORAN MATIC,

                                        Plaintiff-Appellant,

versus

DORIS MEISSNER, Individually & in her official capacity;
IMMIGRATION AND NATURALIZATION SERVICE; EXECUTIVE OFFICE OF
IMMIGRATION REVIEW; UNITED STATES DEPARTMENT OF JUSTICE;
UNITED STATES OF AMERICA; NANCY HOOKS, Individually & in her
official capacity; JANET RENO, Individually & in her
official capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-74
--------------------

September 2, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

       Zoran Matic filed suit in the district court challenging the

initiation of removal proceedings against him and seeking

injunctive and monetary relief.  The district court dismissed the

action with prejudice for lack of jurisdiction.

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Matic moves in this court for release pending his appeal of the district court's judgment. We lack jurisdiction to order Matic's release. See 8 U.S.C. § 1226(e). The motion is DENIED.

Matic argues that under 8 U.S.C. § 1252(f), the district court could, despite the jurisdiction-limiting provisions of § 1252(g), enjoin the removal proceeding.[**] This argument is foreclosed by the Supreme Court's decision in Reno v. American-Arab Anti-Discrimination Committee, 119 S. Ct. 936, 945 (1999).

Matic's motion to expedite the appeal is DENIED.

AFFIRMED.

---

[**] Matic does not argue that the district court erred in dismissing the portion of his compliant which seeks monetary or any relief other than injunctive relief. Thus, he has abandoned on appeal any issue other than the district court's jurisdiction to issue an injunction or otherwise restrain the operation of the removal proceedings. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (appellate court need not consider issues abandoned on appeal); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned).